COURT OF APPEALS
DECISION
DATED AND FILED

May 28, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos. 2024AP782-CR**
**2024AP783-CR**
STATE OF WISCONSIN

Cir. Ct. Nos. 2021CF1399
2021CF3198

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

EDWYNN ORLANDO WHITE, JR,

    DEFENDANT-APPELLANT.

---

APPEALS from judgments of the circuit court for Milwaukee County: REBECCA A. KIEFER, Judge. *Affirmed*.

Before White, C.J., Donald, P.J., and Colón, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Edwynn Orlando White, Jr. appeals from judgments of the trial court, following a jury trial, convicting him of numerous crimes. White contends that the trial court erred in denying his request for a self-defense jury instruction. Upon review, we affirm.

## BACKGROUND

¶2    The State charged White with 20 crimes in 2 cases stemming from allegations that he repeatedly stalked, assaulted, and shot at his former girlfriend, Barb.[1]  Among the multiple charges were charges for one count of misdemeanor battery and two counts of disorderly conduct stemming from an incident that took place on February 5, 2021.  According to the complaint, Barb and White got into a verbal altercation and White punched Barb.  Barb was able to pull out a taser and use it on White, who then took the taser away from Barb, continued to hit her in the face, and slammed her into the floor.

¶3    The cases were consolidated and proceeded to trial where numerous witnesses testified, including Barb.  As relevant to this appeal, Barb testified that on February 5, 2021, she and White shared an apartment.  The two fought over a text message she received.  White left the apartment but was still angry when he returned.  Barb stated that White came towards her with a raised hand.  Barb was able to pull out a taser and use it on White; however, White grabbed it from her.  Barb stated that White then used the taser on her, causing a piece of the taser to get

---

[1] In order to protect the victim's identity, in compliance with WIS. STAT. RULE 809.86(4) (2023-24), the State refers to the victim as "Barb" in its brief.  We do the same.  All references to the Wisconsin Statutes are to the 2023-24 version.

stuck in her arm. White then proceeded to pull her hair and punch her. Barb was able to escape to a neighbor's apartment and call the police.

¶4 Milwaukee police officer Larray Johnson responded to Barb's call. He testified that when he encountered Barb, she had a prong from the taser stuck in her arm, as well as swelling on her face and an abrasion on her lip.

¶5 At the close of evidence, White requested that the trial court instruct the jury on the privilege of self-defense for the charges associated with the February 5, 2021 taser incident.[2] The State argued that the self-defense instruction was inappropriate because White was the aggressor. The court agreed, stating that there was no evidence in the record to support White's self-defense claim. Accordingly, the court did not issue the instruction.

¶6 The jury ultimately found White guilty of all 20 charges. The trial court sentenced White to a global sentence of 40 years, divided as 20 years of initial confinement and 20 years of extended supervision. This appeal follows.

## DISCUSSION

¶7 On appeal, White contends that the trial court erred in denying his request for a self-defense instruction with regard to the February 5, 2021 incident. We disagree.

---

[2] White also requested a self-defense instruction for events that took place on May 31, 2020, but has not renewed that argument on appeal. Accordingly, we deem that issue abandoned. *See* ***Reiman Assocs., Inc. v. R/A Advert., Inc.***, 102 Wis. 2d 305, 306 n.1, 306 N.W.2d 292 (Ct. App. 1981).

¶8 The "[trial] court has broad discretion in deciding whether to give a particular jury instruction." *State v. Fonte*, 2005 WI 77, ¶9, 281 Wis. 2d 654, 698 N.W.2d 594. However, the trial court must exercise its discretion so as "to fully and fairly inform the jury of the rules of law applicable to the case and to assist the jury in making a reasonable analysis of the evidence." *State v. Coleman*, 206 Wis. 2d 199, 212, 556 N.W.2d 701 (1996) (citation omitted). Whether a jury instruction is an accurate statement of the law applicable to the facts of a given case is a question of law we review de novo. *Fonte*, 281 Wis. 2d 654, ¶9. We will reverse a conviction and order a new trial "[o]nly if the jury instructions, as a whole, misled the jury or communicated an incorrect statement of law[.]" *State v. Laxton*, 2002 WI 82, ¶29, 254 Wis. 2d 185, 647 N.W.2d 784.

¶9 At the close of evidence, White advocated for WIS JI—CRIMINAL 800 to be included in the jury instructions provided to the jury. The instruction provides:

> Self-defense is an issue in this case. The law of self-defense allows the defendant to threaten or intentionally use force against another only if:
>
> • the defendant believed that there was an actual or imminent unlawful interference with the defendant's person; and,
>
> • the defendant believed that the amount of force the defendant used or threatened to use was necessary to prevent or terminate the interference; and
>
> • the defendant's beliefs were reasonable.

*Id.* (footnote omitted). The instructions indicate that there are two components to the privilege of self-defense which must be met by a defendant in order to exercise the privilege: (1) the subjective component, in which the defendant "must have actually believed he or she was acting to prevent or terminate an unlawful

interference"; and (2) the objective component, where the defendant demonstrates that this belief was "reasonable." ***State v. Giminski***, 2001 WI App 211, ¶13, 247 Wis. 2d 750, 634 N.W.2d 604. The burden is on the defendant to produce evidence to satisfy these components. ***Id.***, ¶11.

¶10  To meet this burden, a defendant must present "some evidence" that supports the exercise of the privilege. ***State v. Stietz***, 2017 WI 58, ¶16, 375 Wis. 2d 572, 895 N.W.2d 796 (citation omitted). Reaching this level is a "low bar"; it is deemed satisfied "even if it is 'weak, insufficient, inconsistent, or of doubtful credibility' or 'slight.'" ***Id.***, ¶¶16-17 (citations omitted). The trial court should not weigh the evidence; rather, it should only decide whether there is some evidence to support the defendant's self-defense theory. ***Id.***, ¶58.

¶11  Here, White claims that Barb was the first person to initiate the violence and that he was only trying to disarm her to prevent interference with his body. The evidence does not support his argument. At trial, Barb testified that following a verbal fight, White angrily came towards her. Barb saw White raise his hand. Only then did Barb pull out a taser and use it on White. Barb further testified that at no point did White appear afraid of her. Indeed, he was able to overtake her, use the taser on her, and beat her. The evidence supports the inference that White was the aggressor, and that Barb was acting in self-defense when she used the taser. Accordingly, the trial court did not erroneously deny White's request for a self-defense instruction.

## CONCLUSION

¶12  For the foregoing reasons, we affirm the trial court.

*By the Court.*—Judgments affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.